UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN PATTERSON,<br><br>    Petitioner,<br><br>    v.<br><br>G. MATTESON,<br><br>    Respondent. | Case No. 21-cv-05430-HSG<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |

Before the Court is the above-titled petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 by petitioner Norman B. Patterson, challenging the validity of his 2003 state court conviction for first-degree murder.[1]  Dkt. No. 6.  The habeas petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.  The petition is DISMISSED.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

---

[1] Petitioner commenced this action on or about July 15, 2021, when he filed a motion with the Court requesting that his sentence be corrected or recalled on the grounds that the Equal Protection Clause requires that he be afforded the youth offender parole hearing provided under Cal. Penal Code § 3501(h).  Dkt. No. 2.  That same day, the Clerk of the Court informed him that a new action has been opened pursuant to his motion, but that he must file a complete petition on the proper form or face dismissal of his action.  Dkt. No. 3.  On July 28, 2021, Petitioner filed a petition for a writ of habeas corpus.  Dkt. No. 6.

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.1990).

**I.      Petition**

According to the petition, on July 7, 2003, Petitioner was sentenced in Alameda County Superior Court to life without parole for first-degree murder. Dkt. No. 6 at 1–2.

Petitioner argues that Cal. Penal Code § 3501(h)'s exclusion of youthful offenders serving life without parole sentences from the Youth Offender Parole process violates the Equal Protection Clause. *See generally* Dkt. No. 6. The Youth Offender Parole process was created by Assembly Bill 1308 in 2018. Dkt. No. 6 at 7.

The Court must dismiss this action for lack of habeas corpus jurisdiction because Petitioner's claims do not affect the fact or duration of his confinement. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . .'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Where a successful challenge to a complaint related to imprisonment will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Petitioner is serving a term of life without parole. Eligibility for a youth offender parole hearing would not necessarily shorten his sentence because a parole hearing does not guarantee parole. Because the relief sought – a finding that youth offenders sentenced to life without parole are entitled to a parole hearing under Cal. Penal Code § 3501(h) – would not necessarily result in Petitioner's immediate or accelerated release from prison, the petition's claim that Cal. Penal Code § 3501(h) violates the Equal Protection Clause when it excludes youthful offenders sentenced to life without parole is not cognizable on federal habeas. *See, e.g., Nettles v. Grounds*, 830 F.3d

922, 935 (9th Cir. 2016) (no habeas jurisdiction where success on claim "would not necessarily lead to immediate or speedier release"). The Court therefore DISMISSES this petition for a writ of habeas corpus for lack of jurisdiction. The dismissal is without prejudice to Petitioner filing a new civil rights action asserting his challenge to Cal. Penal Code § 3501(h).

## CONCLUSION

The petition is DISMISSED. A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court GRANTS Petitioner's application to proceed *in forma pauperis* (Dkt. No. 8) and DENIES as moot Petitioner's motion for correction of the record / recall of his sentence (Dkt. No. 2). The Clerk shall terminate Docket Nos. 2 and 8, enter judgment in favor of Respondent, terminate all pending motions as moot, and close the file.

**IT IS SO ORDERED.**

Dated: August 24, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge